Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Christopher T. Benton, Bar No. 325452
cbenton@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, California  95814
Telephone:     916.830.7200
Fax No.:        916.561.0828

Attorneys for Defendant
CENTENE MANAGEMENT COMPANY, LLC
(erroneously named as CENTENE CORPORATION)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANIL SHANKAR, an individual, | Case No. |
| Plaintiff, | [Sacramento County Superior Court Case No. 34-2021-00301978] |
| v. | **NOTICE OF REMOVAL** |
| CENTENE CORPORATION, a Delaware corporation; and DOES 1 through 25, inclusive, | |
| Defendant. | Trial Date: None Set<br>Complaint Filed:   June 4, 2021 |

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL                                              1

1    **TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF**

2    **CALIFORNIA AND TO PLAINTIFF SHANIL SHANKAR AND HIS ATTORNEY OF**

3    **RECORD:**

4                PLEASE TAKE NOTICE that Defendant CENTENE CORPORATION[1]

5    ("Defendant"), a Delaware corporation, removes to this Court the state court action described herein.

6    Defendant removes the captioned action from the Superior Court of the State California for the County

7    of Sacramento.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332,

8    1441(a) and (b), and 1446.

9    **I.    STATEMENT OF JURISDICTION**

10          1.    This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331.

11    Section 1331 confers original jurisdiction on the federal district courts "of all civil actions arising

12    under the Constitution, laws, or treatises of the United States." As set forth below, this case meets all

13    of section 1331's requirements for removal because certain of the claims for relief in Plaintiff's

14    Complaint ("Complaint" or "Compl.") are founded upon federal law, *i.e.*, the federal Family and

15    Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. (Compl., ¶¶ 57-70.)

16          2.    This Court also has original jurisdiction over this action under the diversity of

17    citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts

18    original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of

19    $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below,

20    this case meets all of the diversity statute's requirements for removal and is timely and properly

21    removed by the filing of this Notice.

22    **II.    PLEADINGS, PROCESS, AND ORDERS**

23          3.    On or about June 4, 2021, Plaintiff filed his Complaint against Defendant in the

24    Superior Court of the State of California, Sacramento County, Case No. 34-2021-00301978 ("State

25    Court Action"). Plaintiff's Complaint asserts the following causes of action: (1) disability

26    discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to prevent

---

[1]  Plaintiff was actually employed by Centene Management Company, LLC a wholly owned subsidiary of Defendant Centene Corporation.  (*See* Declaration of Tricia Dinkelman in Support of Removal, ¶ 5.)

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

1    discrimination in violation of FEHA; (3) failure to engage in the interactive process in violation of

2    FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) retaliation in

3    violation of FEHA; (6) retaliation in violation of the California Family Rights Act (CFRA") and the

4    Family Medical Leave Act ("FMLA"); (7) interference with and failure to provide leave in violation

5    of CFRA and FMLA; (8) wrongful termination in violation of public policy; and (9) violation of Labor

6    Code §§ 226 and 1198.5.

7        4.      On June 11, 2021, Plaintiff served Defendant with the Summons, Complaint, Civil

8    Case Cover Sheet, and Order Re: Delay in Scheduling Initial Case Management Conference. True and

9    correct copies of these documents, including attachments, are attached to the Declaration of

10   Christopher T. Benton ("Benton Decl."), ¶ 2, Exhibit A.

11       5.      On or about July 9, 2021, Defendant filed a general denial and affirmative defenses to

12   the Complaint in Sacramento County Superior Court. A true and correct copy of Defendant's general

13   denial and affirmative defenses is attached to the Benton Declaration, ¶ 3, Exhibit B.

14       6.      Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process,

15   pleadings, and orders served on Defendant in the State Court Action. To Defendant's knowledge, no

16   other process, pleadings, or orders related to this case have been filed or served by any party in the

17   State Court Action. Benton Decl., ¶ 4.

18       7.      To Defendant's knowledge, no proceedings related hereto have been heard in the State

19   Court Action. Benton Decl., ¶ 4.

20   **III.    TIMELINESS OF REMOVAL**

21       8.      This Notice of Removal is timely filed because it is being filed within thirty (30) days

22   of June 11, 2021, the date of service of the Summons and Complaint, and within one year of the

23   initiation of the State Court Action. *See* 28 U.S.C. § 1446(b).

24   **IV.     FEDERAL QUESTION JURISDICTION**

25       9.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.

26   Section 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil

27   actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

28   ///

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL                                    3

10.     This is a civil action, which arises out of Plaintiff's employment with Defendant, in which Plaintiff expressly alleges two claims for relief under the federal Family and Medical Leave Act ("FMLA"). *See* Sixth and Seventh Causes of Action (Compl. ¶¶ 57-70).   Plaintiff alleges that Defendant interfered with his FMLA rights and then retaliated against him for taking leave, in violation of FMLA. The FMLA is a federal statute that entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave. *See* 29 U.S.C. § 2601, *et seq.* As such, this Court has original jurisdiction under Section 1331 because this case is "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal jurisdiction exists when federal question presented on face of plaintiff's complaint).

11.     Supplemental jurisdiction exists over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367. In any civil action in which this Court has original jurisdiction, it also has supplemental jurisdiction under 28 U.S.C. section 1367(a) over all state claims that are so related to the claims in the action within its original jurisdiction that they form part of the same controversy.

12.     Here, Plaintiff's other causes of action are based on the same factual allegations that Plaintiff relies on to support Plaintiff's claims for FMLA violations. Plaintiff's causes of action for FMLA violations stem from his employment with Defendants, his disability, and his request for a leave of absence as a reasonable accommodation. Plaintiff's other causes of action brought under state law are also based on the same facts, events, transactions, and occurrences as the FMLA claims, in that the state law claims are also based on Plaintiff's employment with Defendants, his disability, and/or his request for a leave of absence as a reasonable accommodation. Accordingly, Plaintiff's state law claims are so related to his FMLA claims as to form part of the same case or controversy. *See* 28 U.S.C. § 1367. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## V.     DIVERSITY JURISDICTION

13.     This Action also meets the requirements of 28 U.S.C. section 1332(a) and may be removed to federal court pursuant to 28 U.S.C. section 1441(a) because it is a civil action: (1) between "[c]itizens of different states"; (2) wherein the amount in controversy exceeds the sum of $75,000,

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL                                                                    4

1    exclusive of interest and costs.  28 U.S.C. §§ 1332(a)(1), 1441(a).

2

### A.    There is Complete Diversity Between the Parties

3      14.    Plaintiff alleges in his Complaint that he was at all relevant times an individual residing

4 in the State of California.  (Compl., ¶ 1.)  Allegations of residency in a state court complaint can create

5 a rebuttable presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747,

6 751 (9th Cir. 1986).  Accordingly, Plaintiff is a citizen of the State of California.  *Kanter v. Warner-*

7 *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place he or she resides with

8 the intention to remain).

9      15.    Defendant was, at the time the action was commenced in state court, and still is, a

10 citizen of the states of Delaware and Missouri.  (Declaration of Tricia Dinkelman ("Dinkelman Decl.")

11 ¶ 2.)  Plaintiff was employed by Centene Management Company, LLC ("Centene Management"),

12 which is organized under the laws of Wisconsin and has its principal place of business in Missouri.

13 (*Id.* at ¶ 5).

14      16.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which

15 it has been incorporated, and of the State where it has its principal place of business." 28 U.S.C. §

16 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77,

17 78, (2010) "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a

18 corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its

19 "nerve center."

20      17.    Here, Defendant was and continues to be a corporation established under the laws of

21 the State of Delaware, having its principal place of business in the State of Missouri. (Dinkelman

22 Decl., ¶2; *see also* 28 U.S.C. §§1332(a)(1), (c)(1), 1441(b).)  Specifically, the majority of Defendant's

23 corporate functions, including human resources, marketing, and executive management operate out of

24 Missouri. (Dinkelman Decl. ¶ 4.) As such, Defendant's executive and administrative functions critical

25 to its day-to-day operations are conducted in Missouri. (*Id.*) Additionally, the majority of Defendant's

26 senior officers and directors, who are responsible for developing strategy for its operations, work and

27 are based in Missouri.  (*Id.*)

28 ///

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL        5

18.     Defendants designated as DOES 1-100 are fictitious defendants, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (finding inclusion of Doe defendants in a state court complaint has no effect on removability.)  Doe defendants need not consent to this removal.

**B.      The Amount In Controversy Exceeds $75,000.**

19.     Based on the allegations in Plaintiff's Complaint, the amount in controversy is clearly greater than $75,000, exclusive of interest and costs. Although Plaintiff's Complaint is silent as to the total amount of damages claimed, the failure of the Complaint to specify the total amount of damages sought does not deprive this Court of jurisdiction. Defendant need only establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

20.     In the Complaint, Plaintiff asserts the following causes of action: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) retaliation in violation of FEHA; (6) retaliation in violation of the California Family Rights Act (CFRA") and the Family Medical Leave Act ("FMLA"); (7) interference with and failure to provide leave in violation of CFRA and FMLA; (8) wrongful termination in violation of public policy; and (9) violation of Labor Code §§ 226 and 1198.5.  *See* Complaint, pp. 4-16.

21.     Plaintiff also seeks damages for "emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms." *Id*., ¶¶ 27, 33, 40, 47, 54, 62, 68, and 74. Although Defendant denies it should be liable for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (holding that the inquiry is not how much

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL                              6

1  defendant will owe, but the amount put in controversy by the complaint).

2       22.    The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint,

3  and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F.

4  Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347

5  F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what

6  is considered in the removal analysis; rather, it is the amount put in controversy by the Plaintiff's

7  complaint). Economic damages, non-economic damages, general damages and attorney's fees are

8  included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-

9  56 (9th Cir. 1998) (prayer for attorney's fees is considered when determining the amount in

10 controversy where underlying statute provides for attorney's fees as part of potential recovery); *see*

11 *also Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (same).

12      23.    A removing party does not need to prove actual facts but rather need only include a

13 "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds

14 the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921

15 (C.D. Cal. March 3, 2015), citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554

16 (2014); *Ponce v. Medical Eyeglass Ctr., Inc.*, 2015 U.S. Dist. LEXIS 98517, *2 (C.D. Cal. July 27,

17 2015), citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). Moreover,

18 Defendant does not need to submit evidence to support its notice of removal. *Dart Cherokee*, 135 S.Ct.

19 at 553. Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id.*

20 (stating that "the defendant's amount-in-controversy allegation should be accepted when not contested

21 by the plaintiff or questioned by the court").

22      24.    **Lost Wages**.  In his Complaint, Plaintiff seeks compensation for loss of income as a

23 result of his alleged wrongful termination of employment with Defendant. *See* Compl. ¶¶ 26, 32, 39,

24 46, 53, 61, 68, and 73.  Compensatory damages are considered when determining the amount in

25 controversy. *Bell v. Preferred Life Assurance Soc'y of Alabama*, 320 U.S. 238, 240 (1943). Therefore,

26 this amount helps to establish the jurisdictional minimum amount in controversy to establish diversity

27 jurisdiction. (*Id.*)

28 ///

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL       7

25.     Plaintiff was allegedly separated effective January 12, 2021. (Compl., ¶19.  At that time, Plaintiff was earning approximately $51,417.60 annually, or $988.80 per week.  (Declaration of Jaclyn Pettinari ("Pettinari Decl."), ¶ 3.)  Both past and future lost wages should be taken into account for purposes of evaluating the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, at *4 n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages."). There have been approximately 26 weeks from the date Plaintiff alleges he was terminated (January 12, 2021), until the date of this removal, which would amount to at least $25,708.80 in back pay.  That amount will of course continue to accrue as this litigation continues.  Further, using a conservative estimate of two years between the filing of Plaintiff's Complaint and the commencement of trial for this action, back pay would total approximately $102,835.20.  This amount alone exceeds the required $75,000 amount in controversy to establish diversity jurisdiction.

26.     In addition, to the extent Plaintiff seeks future damages or front pay as a result of Defendant's alleged wrongful conduct, such awards in California often span several years.  *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (front pay award of four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (front pay award of ten years); *Harrod v. Bass Pro Outdoor World, LLC*, 2018 WL 705541, at *2 (C.D. Cal. Feb. 5, 2018) (accepting defendant's calculation of plaintiff's front pay damages for one year of wages). Even conservatively estimating that Plaintiff seeks front pay damages of only one year, the amount of front pay in controversy in this case is at least $51,471.60.

27.     **Emotional Distress**.  Plaintiff's emotional distress damages are likewise properly considered in determining the amount in controversy.  In cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of such damages is not estimated by the removing party.  *See Simmons*, 209 F. Supp. 2d at 1031-35 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL                                    8

1    damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount

2    in controversy required to establish diversity jurisdiction).  Here, Plaintiff alleges he "has suffered and

3    continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the

4    manifestation of physical symptoms" and seeks unspecified emotional distress damages.  (*See* Compl.,

5    ¶¶ 27, 33, 40, 47, 54, 62, 68, and 74.)  The following cases involving disability discrimination, failure

6    to accommodate, wrongful termination, and related claims, illustrate that emotional distress damages

7    alone may be substantial and exceed the threshold amount in controversy.

8         28.    In *Ko v. Square Group, LLC*, 2014 WL 8108413 (Cal. Sup. June 16, 2014), the plaintiff,

9    who alleged she was discriminated and retaliated against for taking medical leave and wrongfully

10   terminated, was awarded $125,000 in emotional distress damages.  In *Cordero v. Catwalk to Sidewalk*

11   *Inc.*, 2019 WL 5197104 (Cal. Sup. Sept. 25, 2019), a plaintiff who had alleged causes of action for

12   disability discrimination, failure to accommodate, failure to engage in the interactive process,

13   retaliation, and a failure to prevent discrimination, all in violation of FEHA, was awarded $160,000

14   for emotional pain and suffering.  In *Hernandez v. Regents of the University of California*, 2009 WL

15   6045700 (Cal. Sup. Sept. 2009), a jury in Alameda County issued a $266,347 award for pain and

16   suffering to a plaintiff-employee who determined that the plaintiff's employer wrongfully terminated

17   her in retaliation for demanding reasonable accommodations.  A jury in Sacramento County awarded

18   a plaintiff $400,000 for past pain and suffering on causes of action for retaliation, failure to prevent

19   retaliation, failure to provide reasonable accommodation, and failure to engage in the interactive

20   process.  *Weyhe v. Wal-Mart Stores, Inc.*, 2010 WL 3411462 (Cal. Sup. July 1, 2010).  In *Woods v.*

21   *Greystar Management Services, LP*, 2019 WL 2755111 (Cal. Sup. Apr. 11, 2019), a Los Angeles jury

22   found in favor of a plaintiff on claims of wrongful termination, disability discrimination, failure to

23   accommodate, failure to engage in the interactive process, and failure to prevent discrimination and

24   awarded $500,000 in emotional distress damages.  Thus, the emotional distress damages sought by

25   Plaintiff are potentially substantial and would exceed the threshold amount in controversy.

26        29.    **Attorneys' Fees**.  Plaintiff's Complaint also seeks attorneys' fees. (Compl., ¶¶ 63, 70,

27   79, 86 and Wherefor Clause at ¶3.) Plaintiff also asserts claims in violation of FEHA (Cal. Govt. Code

28   § 12940 *et seq*.) which include a provision that entitles the prevailing party to the prevailing party's

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL                                      9

reasonable attorneys' fees. Cal. Govt. Code § 12965. Recoverable attorneys' fees also are included in the amount in controversy calculation for purposes of establishing diversity jurisdiction. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000); *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *11 (C.D. Cal. March 3, 2015) (reasoning that "when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'"). In 2001, the California Supreme Court upheld an award of attorneys' fees under FEHA for $1,088,231. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001); *see also Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) ($535,700 in attorney's fees awarded under FEHA); *Akers v. Cty. of San Diego*, 95 Cal. App. 4th 1441, 1452-53 (2002) (lower court awarded $249,349 in attorneys' fees in wrongful termination in violation of public policy and discrimination case brought under FEHA); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) ($75,258 in attorneys' fees awarded under FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (9th Cir. 1986) ($550,000 in attorneys' fees awarded under FEHA). Therefore, attorney's fees awarded pursuant to FEHA, in the event Plaintiff is successful, could add over $100,000 to the amount in controversy for purposes of establishing diversity jurisdiction.

30.     **Punitive Damages**.  Plaintiff also seeks punitive and exemplary damages in her Complaint, but does not specify an amount. (*See* Compl., ¶¶ 28, 35, 42, 49, 56, 75, 84; Wherefore Clause, at ¶ 7.)  The claimed punitive damages are relevant in determining the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033.  In *Woods v. Greystar Management Services, LP*, 2019 WL 2755111 (Cal. Sup. Apr. 11, 2019), discussed above, a jury awarded $600,000 in punitive damages. In *Ko v. The Square, Grp.*, 2014 WL 8108413 (Cal. Sup. June 16, 2014), also discussed above, a jury awarded the plaintiff $500,000 in punitive damages.  In *Abarca v. Citizen's of Humanity LLC*, 2017 WL 2831361 (Cal. Sup. March 9, 2017), a Los Angeles jury awarded the plaintiff $550,000 punitive damage award when the plaintiff alleged he was subjected to retaliation, wrongful termination, failure

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL                                        10

to accommodate, failure to engage in the interactive process, and disability discrimination. In *Samson v. Wells Fargo Bank, N.A.*, 2020 WL 1890594 (C.D. Cal. Mar. 13, 2020), a jury awarded $400,000 punitive damage award on a FEHA retaliation claim for taking medical leave. These cases demonstrate the potential for a large punitive damage award that exceeds the minimum threshold requirement for this Court if Plaintiff were to prevail on her claims.

31.     Based on Plaintiff's claims for lost wages, emotional distress, punitive damages, and attorney fees, the threshold amount in controversy is met here. Accordingly, on the basis of diversity jurisdiction, this court has subject matter jurisdiction under 28 U.S.C. section 1332 and removal is authorized under 28 U.S.C. section 1441(b).

32.     The above damages, including lost wages, emotional distress damages, and attorney's fees, exclusive of interest and costs, are aggregated to ascertain whether Plaintiff's allegations satisfy the minimum amount in controversy. *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *see also Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (citing *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general and special damages included in the amount in controversy). Back pay damages alone are at least $102,835.20, which exceeds the $75,000 amount in controversy requirement to establish diversity jurisdiction. Additionally, when aggregating all damages (back pay, front pay, emotional distress, and attorneys' fees), the amount more than exceeds this minimum amount in controversy.

## VI.   VENUE

33.     Venue lies in the Eastern District of California pursuant to 28 U.S.C. sections 84(b) and 1441(a). This action was originally brought in the Superior Court of the State of California, County of Sacramento. Actions arising in Sacramento County shall be commenced in the Sacramento Division of the Eastern District. Eastern District Local Rule 120(d).

## VII.   NOTICE OF REMOVAL

34.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL                                      11

1   undersigned to Plaintiff's counsel of record.   In addition, a copy of this Notice of Removal will be

2   filed with the Clerk of the Superior Court of the State of California, County of Sacramento.

3   **VIII.   CONCLUSION**

4         35.        WHEREFORE, Defendant removes the action now pending against it in the

5   Sacramento County Superior Court to the United States District Court for the Eastern District of

6   California, and requests that this Court retain jurisdiction for all further proceedings.

7   Dated: July 12, 2021                              LITTLER MENDELSON P.C.

8

9                                                     */s/ Christopher T. Benton*
                                                      _____
10                                                    BARBARA A. BLACKBURN
                                                      CHRISTOPHER T. BENTON
11                                                    Attorneys for Defendant
                                                      CENTENE CORPORATION
12

13   4819-5599-9214.1 / 108840-1052

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL                                     12